### ELLEN BRENNAN v. BUTLER BROTHERS.[1]

#### April 8, 1909.

#### Nos. 15,907—(189).

**No Evidence of Negligence.**

> Plaintiff's deceased, while working in an areaway between the defendant's concrete mixer, in course of demolition, and a new building, about completed, was killed by a board which fell from some height. It is *held* that he did not bear the burden of showing a situation in which defendant should reasonably have anticipated harm to the deceased, and should have taken precautions accordingly.

Action in the district court for Ramsey county by the administratrix of the estate of Patrick Brennan, deceased, to recover $5,000 damages for the wrongful death of her intestate. The case was tried before Olin B. Lewis, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*Humphrey Barton,* for appellant.

*Morton Barrows,* for respondent.

JAGGARD, J.

Defendant was engaged in building a seven-story building, the walls of which were up and the roof partly finished. On one side of the new building defendant had erected a temporary wooden structure, about thirty feet above the street level, on which was mixed concrete used in the erection of the building. The space between the concrete building in the street and the new building was about ten feet. Plaintiff's deceased was at work for defendant in that areaway, cleaning away the concrete which had fallen into it. The accident

---

[1] Reported in 120 N. W. 540.

happened about noon. In the morning of the day the defendant put a number of men at work at the top of the concrete building to tear it down, by knocking the boards loose and throwing them into the street. While this work was going on, a board of the kind used in the construction of the concrete mixer fell and struck plaintiff's deceased, and killed him. The trial court, at the close of the testimony, directed a verdict for the defendant. This appeal was taken from its subsequent order denying plaintiff's motion for a new trial.

The only question presented by the appeal is whether the plaintiff had sufficiently borne the burden of proof of showing defendant's negligence in failing to warn deceased, or to take some precaution against his being injured by the tearing down of the concrete mixer. The trial court was of the opinion that "the question of defendant's negligence is purely a matter of speculation." This conclusion was, we think, correct. No one saw the board start, nor knew where it came from, except that it fell from some height. One man engaged in tearing down the concrete building testified, apart from his conclusions, that he saw it on its way down, going in a slanting direction from the mixer plant toward the new building, and saw it strike plaintiff's deceased. He did not, however, know from which building it came. The fair inference from the record is, in the language of the defendant's brief, that no such boards were being handled elsewhere than about the concrete mixer. A large, square box or crib was constructed by the erection of upright studdings about a foot between their centers. There were ten-inch spaces between the studdings. On the inside planks were nailed horizontally. The men engaged in taking down the mixer were directed to knock the boards loose on the inside and to throw them on the side of the structure which was opposite to the side on which the deceased was working. When they were knocked loose they would naturally be prevented from falling towards the plaintiff by the thickly set studdings and by the manner in which they were detached. How the board in question, which was two inches thick, six inches wide and about five feet long, and which was nailed at right angles to the studdings, could have escaped through the narrow spaces between the studdings, has not been made to appear. Why defendant should have anticipated that such a thing was likely to happen is left equally uncertain. There

was some testimony that boards might have been attached to the outside of the crib; but it is too indefinite to sustain a verdict on the theory that the board which did the damage came from the outside.

The question in issue is not, however, whether a board from the mixer plant caused the injury, but whether defendant was negligent in not anticipating probable injury to plaintiff's intestate, and in not taking measures for his protection accordingly. The doctrine of res ipsa loquitur does not apply and is not urged. It is evident that no ground for the anticipation of the harm which was inflicted appears, save speculation. Plaintiff failed to bear the burden of showing initial negligence on defendant's part. The decided cases which are cited involve such different facts that their discussion here would serve no useful purpose.

Affirmed.